UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JEREMY P. GALLANT,  Case No. 1:14-cv-199
    Plaintiff,

                                                  Dlott, J.
    vs                                              Bowman, M.J.

DR. FAISAL AHMED, et al.,  **ORDER AND REPORT**
    Defendants.                     **AND RECOMMENDATION**

      Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF), brings this civil rights action against Dr. Faisal Ahmed, ODRC Director Gary Mohr, Deputy Warden Mr. Cadogan, Institutional Inspector Mrs. Mahlman, and ODRC Medical Services employees Ms. Clagg, Mr. Hankins, and Mona Parks. (Doc. 1, Complaint p. 4). By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

      In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the

plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a

factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

In the complaint, plaintiff alleges that he has been completely denied medical treatment for spinal injuries and deformities. (Doc. 1, Complaint p. 5). Plaintiff indicates that he was being treated for his medical condition prior to being transferred to SOCF and was designated as having a handicap cell restriction because of his medical condition. *Id.* However, plaintiff alleges that Defendant Dr. Ahmed discontinued his treatment without seeing him and that he has been deprived of all medications and treatment by the SOCF medical staff. *Id.* On this basis, plaintiff claims that he is being subjected to unnecessary and wanton pain as well as putting him at risk of further injuries. *Id.*

For relief, plaintiff seeks medical treatment. *Id.* at 6.

Liberally construed, plaintiff has stated an Eighth Amendment claim for deliberate indifference to serious medical needs against defendants Dr. Ahmed, Mr. Hankins, Ms. Clagg, and Mona Parks. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976). At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that this claim is deserving of further development and may proceed at this juncture. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

However, plaintiff's claims against the remaining defendants should be dismissed. Plaintiff has failed to state a claim against defendants ODRC Director Gary Mohr, Deputy Warden Mr. Cadogan, and Institutional Inspector Mrs. Mahlman because his claims rest on a theory of *respondeat superior*, which does not apply to § 1983 claims and may not serve as a basis for liability. *See Iqbal*, 556 U.S. at 676; *Monell v. Dep't of Social Servs.,* 436 U.S. 658 (1978); *Hill v. Marshall,* 962 F.2d 1209, 1213 (6th Cir. 1992).  "[Section] 1983 liability of supervisory personnel must be based on more than the right to control employees." *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984).  Section 1983 liability is premised on active unconstitutional behavior and not a mere failure to act.  *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).  The mere fact that defendants hold supervisory positions in SOCF is not enough to impose liability on them under section 1983. Indeed, the body of the complaint does not even mention defendant Mahlman and his claims against these defendants are based on their alleged failure to properly supervise Dr. Ahmed. Therefore, plaintiff's claims against these defendants should be dismissed.

## IT IS THEREFORE RECOMMENDED THAT:

1.  Plaintiff's claims against the ODRC Director Gary Mohr, Deputy Warden Mr. Cadogan, and Institutional Inspector Mrs. Mahlman be **DISMISSED**.

## IT IS THEREFORE ORDERED THAT:

1. The United States Marshal shall serve a copy of the complaint, summons, and this order upon defendants Dr. Ahmed, Mr. Hankins, Ms. Clagg, and Mona Parks as directed by plaintiff. All costs of service shall be advanced by the United States.

2.  Plaintiff shall serve upon defendants or, if appearance has been entered by counsel,

upon defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed with the clerk of court a certificate stating the date a true and correct copy of any document was mailed to defendant or counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the clerk or which fails to include a certificate of service will be disregarded by the court.

     3.  Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

                       *s/ Stephanie K. Bowman*
                       Stephanie K. Bowman
                       United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JEREMY P. GALLANT,  Case No. 1:14-cv-199
    Plaintiff,

                                  Dlott, J.
vs                           Bowman, M.J.

DR. FAISAL AHMED, et al.,
    Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).