UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JEREMY GALLANT,                     Civil Action No. 1:14-cv-199

    Plaintiff,                            Dlott, J.
                                        Bowman, M.J
  vs.

DR. FAISAL AHMED, *et al.*,

    Defendants.

**REPORT AND RECOMMENDATION**

This civil rights action is now before the Court on Plaintiff's *pro se* motion for injunctive relief (Doc. 24) and the parties' responsive memoranda. (Docs. 28, 31). Plaintiff's motion appears to seek a Court Order to transfer him from Southern Ohio Correctional Facility ("SOCF") to another institutional facility because of alleged retaliation Plaintiff has suffered at (and will allegedly continue to suffer, if returned to) SOCF. (See Doc. 24, p. 1). Plaintiff also requests an Order to compel SOCF officials to transfer "all of Plaintiff's property, including recently received mail and any other personal property belonging to the Plaintiff, in order to allow Plaintiff proper construction and/or preparation of such discovery as defined by Ohio's Civil Court rules." (Doc. 24, p. 2).

"A preliminary injunction is an extraordinary remedy designed to preserve the relative positions of the parties until a trial on the merits can be held." *Tenn. Scrap Recyclers Ass'n v. Bredesen*, 556 F.3d 442, 447 (6th Cir. 2009) (emphasis added). An injunction decree should not be granted routinely. *Weinberger v. Romero-Barcelo*, 456 U.S. 305 (1982). "The decision to grant or deny a preliminary injunction is within the

sound judicial discretion of the trial court." *Mt. Clemens v. U.S. Env't Prot. Agency*, 917 F.2d 908, 914 (6th Cir. 1990) (quoting *Tyson Foods, Inc. v. McReynolds*, 865 F.2d 99, 101 (6th Cir. 1989)).

In exercising its discretion with respect to a motion for a preliminary injunction, a district court must give consideration to four factors: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction. *Rock & Roll Hall of Fame & Museum, Inc. v. Gentile Prods.*, 134 F.3d 749, 753 (6th Cir. 1998). In the Sixth Circuit, these four factors are to be balanced and are not prerequisites that must be met. Thus, a district court is not required to make specific findings concerning each of the four factors used in determining a motion for preliminary injunction if fewer factors are dispositive of the issue. *Donaldson v. United States*, 86 F. App'x 902, 903 (6th Cir. 2004).

Here, Plaintiff's first request appears to be moot. Subsequent to the filing of Plaintiff's motion, he was been returned from the Franklin Medical Center ("FMC") to SOCF where he is currently incarcerated. According to SOCF personnel, Plaintiff has been back at SOCF since August 12, 2014. To the extent Plaintiff is requesting a transfer from SOCF to another institutional facility; Plaintiff has failed to establish the necessary elements for injunctive relief. The record fails to establish a likelihood of success on the merits. Plaintiff has made no attempt to support his claims with any factual evidence. Likewise, he has failed to establish that he will suffer irreparable harm

absent injunctive relief. Again, he fails to support his conclusory allegations of irreparable harm with factual evidence.

Plaintiff's second request for a return of his personal property is also not well-taken. A movant's burden is even more difficult to satisfy where, as here, a prison inmate seeks an injunction to obtain affirmative relief beyond maintenance of the status quo. *See* 18 U.S.C. § 3626(a)(2) ("In any civil action with respect to prison conditions ... [p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm."); *Texas v. Camenisch,* 451 U.S. 390, 395, 101 S.Ct. 1830, 68 L.Ed.2d 175 (1981) ("The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held."). Thus, purpose of a preliminary injunction is to prevent irreparable injury and to preserve the Court's ability to render a meaningful decision on the merits (*see United Food & Commercial Workers Union, Local 1099 v. Southwest Ohio Regional Transit Authority*, 163 F.3d 341, 348 (6th Cir. 1998). Plaintiff has failed to allege any actual or imminent injury. To demonstrate irreparable harm, a plaintiff must show "actual and imminent" harm rather than harm that is speculative or unsubstantiated." *Abney v. Amgen, Inc.*, 443 F.3d 540, 552 (6th Cir. 2006).

In light of the foregoing and in consideration of the relevant factors, the undersigned concludes that Plaintiff's motion lacks merit and is not well-taken. It is therefore **RECOMMENDED** that Plaintiff's motion (Doc. 24) be **DENIED**.

   s/ Stephanie K. Bowman
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| JEREMY GALLANT, | Civil Action No. 1:14-cv-199 |
| Plaintiff, | Dlott, J. |
| vs. | Bowman, M.J |
| DR. FAISAL AHMED, *et al.*, | |
| Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).