### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| JEREMY GALLANT, | Civil Action No. 1:14-cv-199 |
| Plaintiff, | Dlott, J. |
| vs. | Bowman, M.J |
| DR. FAISAL AHMED, *et al.*, | |
| Defendants. | |

### REPORT AND RECOMMENDATION

This civil rights action is now before the Court on Plaintiff's motion for joinder of parties and request to add additional defendants. (Doc. 133). Thus, Plaintiff is seeking to amend his complaint to add additional parties. Accordingly, the motion is construed as a motion for leave to amend the complaint. Upon careful review, the undersigned finds that Plaintiff's motion is not well-taken.

"Federal Rules of Civil Procedure 15(a)(2) states that the Court should freely give leave to amend 'when justice so requires.' Nevertheless, leave may be denied when there has been undue delay, bad faith, a repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, or when the proposed amendment would be futile." *Hobart v. Waste Management of Ohio, Inc.,* 923 F.Supp.2d 1086, 1098 (6th Cir. 2013), citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9, L.Ed. 222 (1962). According to the Supreme Court, prejudice to the opposing party is a key factor to be considered when deciding whether to grant leave to amend. *Zenith Radio Corp.v. Hazeltine Research, Inc.*, 401 U.S. 321, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971). Furthermore, leave to amend should not be granted when the amendment

would be futile, because it would fail to state a claim. *See, e.g., Cloke v. United Brotherhood of Carpenters and Joiners of Am.*, No. 1:11-cv-677, 2013 U.S. Dist. LEXIS 21703, at *17 (S.D. Ohio Feb. 15, 2013). Here, Plaintiff's proposed amendments are futile because they fail to state a claim upon which relief may be granted by this Court.

Plaintiff seeks to amend his complaint to add defendants as well as supplement and/or add new claims. Notably, Plaintiff lists four additional parties he seeks to name as defendants: (1) SOCF mailroom supervisor Lt. Frazie; (2) SOCF mail attendant Mr. Satterfield; (3); SOCF Deputy Warden of Operations Mr. Cool; and (4) SOCF inspector Mahlman. Plaintiff purportedly seeks to hold accountable these four parties for alleged "mail tampering" and "obstruction." (Doc. 113 at 2). Such claims however, rest on the theory of *respondeat superior*, which this Court has already pointed out to Plaintiff, does not apply to § 1983 claims and may not serve as a basis for liability. (*See* Doc. 4, p 4 ¶ 1). Furthermore, Plaintiff's motion for joinder of parties fails to include allegations of specific constitutional misconduct. And, therefore fails to state any plausible claim for relief.

Thus, Plaintiff's motion for joinder consists entirely of legal conclusions that defendants have violated his constitutional and federal rights. Such vague and conclusory allegations are precisely the type prohibited by the recent Supreme Court decisions *Iqbal* and *Twombly* and, accordingly, could not survive a Fed.R.Civ.P. 12(b)(6) motion to dismiss. *See Center for Bio–Ethical Reform, Inc. v. Napolitano,* 648 F.3d 365, 369 (6th Cir. 2011) (citing Ashcroft v. *Iqbal,* 556 U.S. 662, 678 2009) (court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief). *See also Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544 (2007) (same).  Accordingly, the undersigned finds that such amendment would be futile as it would not survive a motion to dismiss.

For these reasons, it is therefore **RECOMMENDED** that Plaintiff's motions for leave to amend the complaint (Doc. 133) be **DENIED**.

 *s/*Stephanie K. Bowman
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JEREMY GALLANT,                        Civil Action No. 1:14-cv-199

    Plaintiff,                                 Dlott, J.
                                              Bowman, M.J
    vs.

DR. FAISAL AHMED, *et al.*,

    Defendants.

### NOTICE

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).